**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4068**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RUDY GEOVANNY LEMUS DIAZ,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cr-00335-PJM-1)

———————

Submitted: August 9, 2013        Decided: November 21, 2013

———————

Before TRAXLER, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Baltimore, Maryland; Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland; Adam K. Ake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Rudy Geovanny Lemus Diaz pled guilty to unauthorized reentry of a deported alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a). The district court sentenced Diaz to twenty-four months' imprisonment. Diaz timely appealed. The district court increased Diaz's offense level under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A). This provision calls for a sixteen-level enhancement if the defendant was deported after he was convicted of a crime of violence. The district court found that Diaz's prior Maryland second-degree assault conviction qualified as a crime of violence using the modified categorical approach. Diaz challenges this conclusion on appeal.

After the parties submitted their briefs in this case, we decided United States v. Royal, 731 F.3d 333 (4th Cir. 2013), which holds that Maryland's second-degree assault statute is indivisible and, under Descamps v. United States, 133 S. Ct. 2276 (2013), not amenable to a modified categorical analysis in determining whether a conviction under that statute qualified as a "crime of violence." Accordingly, we vacate and remand for reconsideration in light of Royal.

VACATED AND REMANDED